IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lafayette W. Knotts, #275052,<br>a/k/a Lafayette Westly Knotts,<br><br>    Plaintiff,<br><br> vs.<br><br>South Carolina Department of Corrections;<br>Director Jon Ozmint; Case Manager<br>Ms. Hudson; Officer C. Johnson; and<br>Officer L. Cook,<br><br>    Defendants.<br>_____ | C/A No. 6:08-814-MBS-WMC<br><br><br><br><br><br>**O R D E R** |

  Plaintiff Lafayette W. Knotts is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff, proceeding pro se, asserts that his constitutional rights have been violated in various respects. He brings this action pursuant to 42 U.S.C. § 1983.

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge William M. Catoe for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On March 21, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that SCDC be summarily dismissed because it is entitled to immunity under the Eleventh Amendment. Plaintiff filed objections to the Report and Recommendation on April 2, 2008.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections largely recite language contained in the Report and Recommendation and contain a statement that Plaintiff objects to the contention that SCDC is entitled to Eleventh Amendment immunity. In support of his objection, Plaintiff cites to S.C. Code Ann. § 24-1-220, which provides:

> All actions or suits at law accruing to [SCDC] shall be brought in the name of the director, who shall also appear for and defend actions or suits at law in which it is to the interest of the department to appear as a party defendant. No suit or action at law shall be brought for or defended on behalf of the department except by authority of the director.

The purpose of section 24-1-220 is to designate a representative to represent SCDC in litigation in which SCDC is a plaintiff or defendant. Section 24-1-220 does not reflect a waiver of sovereign immunity such that the State of South Carolina, through SCDC, could be held liable for a violation of 42 U.S.C. § 1983. As the Magistrate Judge properly noted, SCDC, as an arm of the State, is immune from suit under the Eleventh Amendment. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. SCDC is summarily dismissed as a defendant without prejudice and without issuance and service of process. The within action is recommitted to the Magistrate Judge for additional pretrial

handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

January 29, 2009.